IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. KIDD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>HOWARD UNIVERSITY )<br>SCHOOL OF LAW, *et al.,* )<br>)<br>Defendants. )<br>_____ ) | Case No: 06 CV 01853 (EGS) |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants, Howard University, Howard University School of Law, Rhea Ballard-Thrower, Kurt Schmoke and (collectively "Defendants"), by and through undersigned counsel, hereby respectfully request that the above-captioned complaint be dismissed.[1]  The reasons supporting this motion are set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

_____/s/_____
James E. McCollum, Jr.
Bar No. 398117

_____/s/_____
Carla M. Mathers
Bar No. 445064

McCollum & Associates, LLC
7309 Baltimore Avenue
Suite 117
College Park, MD 20740-1717
(301) 864-6070

Attorneys for Defendants

---

[1] Howard University School of Law is not a separate entity apart from Howard University.  For purposes of this motion, the defendants will be referred to collectively.

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was served by first-class mail, postage prepaid this   20th   day of December, 2006 to:

>Patricia A. Kidd
>12254 Creekview Circle
>Apt. 203
>Woodbridge, VA  22192

>_____/s/_____
>James E. McCollum, Jr.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICIA A. KIDD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>HOWARD UNIVERSITY )<br>SCHOOL OF LAW, *et al.,* )<br>)<br>Defendants. )<br>_____) | Case No: 06 CV 01853 (EGS) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Defendants, Howard University, Howard University School of Law, Rhea Ballard-Thrower, Kurt Schmoke and (collectively "Defendants"), by and through undersigned counsel, hereby respectfully request that the above-captioned complaint be dismissed.[1] The reasons supporting this motion are set forth below.

**STATEMENT OF FACTS**

Defendant Rhea Ballard-Thrower and plaintiff Kidd co-taught a Legal Research Class together. (Compl. at 1). According to the Complaint, Ms. Thrower authored a class handout, signed Ms. Kidd's name without authorization or permission and distributed the handout to the class both electronically and in paper format. (Compl. at 1). Plaintiff alleges that "the document contained information which was incorrect and misleading." *Id.* Plaintiff Kidd contends that she asked Ms. Thrower to explain to the class that Ms. Kidd had not authored the handout; however, Ms. Thrower allegedly refused. According to the Complaint, "students began to question the legitimately (sic) of what instructor Kidd taught and lectured in her class." *Id.*

---

[1] Howard University School of Law is not a separate entity apart from Howard University. For purposes of this motion, the defendants will be referred to collectively.

Plaintiff's allegations against Dean Schmoke derive from her attempts to seek a resolution of her complaint against Ms. Thrower. Ms. Kidd alleges that she had "taken this matter to Defendant Schmoke and the law school and the university and the university (sic) and the result is that the plaintiff has been ignored." *Id.* Ms. Kidd claims that Dean Schmoke, the law school and the university are "responsible for the actions of their employee when she is working on their behalf." *Id.* The Complaint sets forth no further averments regarding Dean Schmoke, the law school or the university.

Though Plaintiff asserts that "negative comments about Plaintiff Kidd's ability have arisen based on this document," the Complaint does not set forth those comments. (Compl. at 1). The Complaint does not set forth the allegedly defamatory statements that were provided to the students.

On or about October 30, 2006, Plaintiff filed suit in this court seeking damages in the amount of five million dollars ($5,000,000.00) for "fraud, defamation of character and unauthorized use (sic)." The complaint should be dismissed for failure to state a cognizable claim upon which relief can be granted.

## ARGUMENT

I.   **Standard of Review**

When it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, a motion to dismiss should be granted. *Conly v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## II. The Complaint Does Not State a Cause of Action for Fraud Based on Intentionally Using the Name of Another Person on a Document Without Permission

Plaintiff must plead fraud with specificity, must set forth clear and convincing evidence and must not leave the Court to guess as to the basis of the cause of action. *Hargraves v. Capital City Mortg. Corp.,* 140 F.Supp.2d 7 (D.D.C. 2000); *In re: Vitamins Antitrust Litigation Green v. F. Hoffman-LaRouche, LTD.,* 2001 WL 849928 *8 (D.D.C. April 11, 2001). A cause of action for fraud requires a prima facie showing of (1) false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) on which action is taken by the plaintiff in reliance upon the representation. *United States v. Philip Morris USA, Inc.,* 449 F.Supp. 2d 1 (D.D.C. 2006); *Burman v. Phoenix Worldwide Industries, Inc.,* 384 F.Supp.2d 316 (D.D.C. 2005). "Allegations in the form of conclusions on the part of the pleader as to the existence of fraud are insufficient." *Hercules & Co. v. Shama Restaurant Corp.,* 613 A.2d 916, 923 (D.C. 1992). Furthermore, the alleged fraud must result in provable damages. *Railan v. Katyal,* 766 A.3d 998 (D.C. 2001); *Dresser v. Sunderland Apartments Tenants Ass'n,* 465 A.2d 835, 839 (D.C. 1983).

Ms. Kidd has set forth no representation that can be considered false. Taking the allegation at face value, all Ms. Kidd has suggested is that Ms. Thrower placed Ms. Kidd's name on a class handout for a class the two of them taught together. Ms. Kidd has not pleaded any facts to indicate that she acted in reliance upon the alleged false statement. *See Day v. Sidley & Austin,* 394 F.Supp. 986, 991 (D.D.C. 1975).

Plaintiff has plead no damages as a result of any act she took in reliance on the allegedly false statement that she authored the handout. When a complaint only makes "blanket allegation(s) that … professional and personal reputations were damaged and [that] [she]

3

sustained other damages," the allegations regarding damages are insufficiently pleaded. *Kitt v. Capital Concerts, Inc.,* 742 A.2d 856, 861 (D.C. 1999). The damages must be proximately caused by plaintiff's reliance upon the fraudulent statement. *Day v. Avery,* 179 U.S.App.D.C. 63, 74, 548 F.2d 1018, 1029 (1976)(*per curiam*). As a result, Ms. Kidd has failed to set forth sufficient allegations to survive a motion to dismiss.

### III.     The Complaint Does Not State a Cause of Action for Defamation of Character

To establish a prima facie case of defamation, plaintiff must allege that the defendant made a defamatory statement, published the statement, the statement was false, the defendant was at fault and the false statement caused injury to the plaintiff's reputation. *Dresbach v. Doubleday & Company, Inc.,* 518 F.Supp. 1285, 1288 (D.C. 1981).

To be defamatory, "the language used must, as a matter of law, be reasonably capable of a defamatory interpretation and a jury must find that the language was actually understood by the recipient in that sense." *White v. Fraternal Order of Police,* 909 F.2d 512. 519 (D.C. Cir. 1990). The complaint must set forth with specificity the allegedly defamatory material. *Dresbach v. Doubleday & Company, Inc.,* 518 F.Supp. 1285, 1289 (D.C. 1981). Ms. Kidd has failed to set forth with specificity the allegedly defamatory statements.

Further, a defamation claim must set forth facts showing injury to reputation. *Id.* Ms. Kidd has set forth only conclusory allegations completely devoid of detail that any harm has come to her reputation. The allegations in the Complaint merely state that "[n]egative comments about Plaintiff Kidd's ability have arisen based on this document. Kidd received negative comments from students on the survey about the Legal Research Lab classes that she taught." Compl. at 1. Ms. Kidd concludes that "Defendant Ballard (sic) has tarnished the character of

4

plaintiff Kidd; she has shamed her good name and defamed her well being and earning poetical (sic)." Compl. at 1.

The plaintiff must set forth the nexus between the alleged defamatory statements and the injury suffered. Because Ms. Kidd has failed to set forth any defamatory statements and the alleged injury, she has not pleaded causation specifically enough to survive a motion to dismiss. Nothing in the Complaint exists to show that any negative student perceptions were due to Ms. Thrower's placing Ms. Kidd's name on the handout for the jointly taught class.

Finally, the complaint contains no allegations that Kurt Schmoke made any defamatory statements or in any way was involved with the allegations of fraud or defamation except in a supervisory role. Any alleged defamation, if proven, would be by definition outside of the scope of the employee's work and neither Mr. Schmoke nor the University would be vicariously liable for such misconduct. As a result, all of the allegations against Mr. Schmoke and the University should be dismissed.

IV. **Plaintiff's Count for Unauthorized Use Does Not State a Cognizable Claim**

No such cause of action exists for unauthorized use of one's signature which would, upon these facts, support recovery. The Complaint merely alleges that Ms. Thrower, a co-teacher of a course, set forth Ms. Kidd's name on a handout.

An invasion of privacy or false light claim requires a showing of 1) publicity 2) about a false statement, representation or imputation 3) understood to be of and concerning the plaintiff, and 4) which places the plaintiff in a false light that would be offensive to a reasonable person. *Kitt v. Capital Concerts, Inc.,* 742 A.2d 856 (D.C. 1999). The plaintiff must allege facts for each and every element to establish a prima facie case. *Wolf v. Regardie,* 553 A.2d 1213, 1216 (D.C. 1989).

5

In order to state a claim for false light invasion of privacy, Ms. Kidd must point to specific inaccuracies, placing her in a false light before the public, which constitute an offensive invasion of privacy and which were made without exercise of ordinary care to determine their accuracy. *Dresbach v. Doubleday & Company, Inc.,* 518 F.Supp. 1285 (D.C. 1981). A false light claim differs from a defamation claim in that plaintiff must show that publication of private information places her in a false light. Here Ms. Kidd has alleged no facts that elucidate what private information placed her in a false light. As a result, the complaint should be dismissed.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant the Motion to Dismiss.

Respectfully submitted,

_____/s/_____
James E. McCollum, Jr.
Bar No. 398117

_____/s/_____
Carla M. Mathers
Bar No. 445064

McCollum & Associates, LLC
7309 Baltimore Avenue
Suite 117
College Park, MD 20740-1717
(301) 864-6070

Attorneys for Defendant

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was served by first-class mail, postage prepaid this __20th__ day of December, 2006 to:

> Patricia A. Kidd
> 12254 Creekview Circle
> Apt. 203
> Woodbridge, VA  22192

> _____/s/_____
> James E. McCollum, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICIA A. KIDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 06 CV 01853 (EGS) |
| HOWARD UNIVERSITY | ) | |
| SCHOOL OF LAW, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER</u>**

UPON CONSIDERATION of Defendants Motion to Dismiss, memoranda in support thereof, any opposition thereto, and the entire record in this matter, it is hereby

ORDERED that the Defendants' motion is GRANTED, and it is further

ORDERED that this action is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Dated this _____ day of _____, 2003

Copies to:

James E. McCollum, Jr.
Carla M. Mathers
McCollum & Associates, LLC
7309 Baltimore Avenue
Suite 117
College Park, MD 20740-1717

Patricia A. Kidd
12254 Creekview Circle
Apt. 203
Woodbridge, VA  22192