UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. KIDD, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>HOWARD UNIVERSITY SCHOOL )<br>OF LAW, <u>et al.</u>, )<br>)<br>   Defendants. )<br>)<br>_____) | Case No. 06-CV-1853 (RBW) |

**MEMORANDUM OPINION**

Currently before the Court is the defendant's Motion to Dismiss [D.E. # 2], the plaintiff's Motion for Enlargement of Time to Amend Complaint, ("Pl.'s Mot.") [D.E. # 4], and the defendant's opposition to the enlargement of time motion. The plaintiff has also filed a Motion for Court Appointed Counsel ("Pl.'s Mot. for Counsel") [D.E. # 6], which the defendant opposes. For the reasons set forth below, the Court will deny without prejudice the defendant's motion to dismiss; grant the plaintiff's motion to amend her complaint, with instructions that when she re-files her motion to amend she shall include with it an original of the proposed amended pleading as required by Local Civil Rule 7(i);[1] and deny the plaintiff's motion with respect to the appointment of counsel.

The plaintiff, proceeding pro se, filed a motion on February 8, 2007, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, asking the Court for a period of 60 days to amend her complaint in order to respond to the defendant's motion to dismiss. Pl.'s Mot. at 1. In her

---

[1]Local Civil Rule 7(i) states that "a motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." LCvR 7(i).

motion, the plaintiff opines that granting her leave to amend "will not adversely impact, or prejudice, the [d]efendants." Id. Although the plaintiff cites Rule 6(b) as support for her motion to amend, this rule applies to acts that are "required or allowed to be done at or within a specified time." Fed. R. Civ. P. 6(b). Because the plaintiff is moving to amend her complaint and there is no specific time period for the filing of such a motion, the Court concludes that her reliance on Rule 6(b) is misplaced.[2] Accordingly, the Court construes the plaintiff's motion as a motion made pursuant to Federal Rule of Civil Procedure 15(a) (stating that, after a responsive pleading has been served, a party may amend its pleading only by leave of the court or by written consent of the adverse party, but specifying no time period for requesting leave to amend).

In opposing the plaintiff's motion to amend her complaint, the defendant correctly points out that the plaintiff has not submitted an amended pleading with the motion as required by Local Civil Rule 7(i), and that the plaintiff failed both to discuss the proposed filing of the motion with opposing counsel and to include a statement indicating that such discussion occurred as required by Local Civil Rule 7(m).[3] Howard University's Opposition to Plaintiff's Motion for Enlargement of Time to Amend Complaint at 2. Nonetheless, the Court concludes that it is in the interest of justice to permit the plaintiff to amend her complaint.

Rule 15(a) of the Federal Rules of Civil Procedure instructs that when permission to file a pleading must be obtained from the Court, "leave shall be freely given when justice so requires."

---

[2] When the time period to perform an act has expired, upon motion, Federal Rule of Civil Procedure 6(b) allows the court to permit the act to be done "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). Although the plaintiff did not file her motion to amend before a responsive pleading was submitted, Rule 15(a) does not designate a specific time period for filing such a motion. Fed. Rule Civ. P. 15(a).

[3] Before filing any non-dispositive motion in a civil action, Local Civil Rule 7(m) requires counsel to discuss the proposed motion with opposing counsel. The duty to confer also applies to non-incarcerated parties appearing pro se. LCvR 7(m).

(emphasis added).  While the court has sole discretion to grant or deny a request for leave to amend, unless there is a reason for not doing so, such as undue delay, bad faith, dilatory tactics, repeated failure to cure deficiencies, or undue prejudice to the opposing party, "the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)); see also Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (acknowledging that it is an abuse of discretion for a district court to deny leave to amend absent a sufficient reason). The rationale behind this liberal granting of leave to amend a complaint is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test h[er] claim on the merits." Foman, 371 U.S. at 182.  Moreover, consideration must be given to the fact that the plaintiff in this case is proceeding pro se.

      The practice of freely giving leave to amend is particularly appropriate in the circumstance of pro se litigants.  See Wyant v. Crittenden, 113 F.2d 170, 175 (D.C. Cir. 1940). "Pro se litigants are afforded more latitude than litigants represented by counsel to correct defects in . . . pleadings" and pro se litigants should be given at least minimal notice of the pleading requirements.  Moore v. Agency for Int'l. Dev., 994 F.2d 874, 876-77 (D.C. Cir. 1993) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Lindsey v. United States, 448 F. Supp. 2d. 37, 46-47 (D.D.C. 2006) (Walton, J.) (citing Moore and agreeing that district courts should provide pro se litigants with minimal notice of pleading requirements); Hisler v. Gallaudet Univ., 206 F.R.D. 11, 14 (D.D.C. 2002) (acknowledging the policy that "an added measure of leniency is extended to pro se litigants [with respect to] procedural requirements")(citations omitted).

      The principles set forth in Moore are instructive here.  In Moore, the pro se plaintiff

conceded that his complaint did not meet the heightened pleading requirement for overcoming a claim of qualified immunity, but argued that the district court should have alerted him to the defects and allowed him to amend his complaint. 994 F.2d at 876. The Circuit Court held that "[b]ecause there is no indication that any of the defendants would have been prejudiced . . . , the district court should have permitted Moore to amend his complaint." Id. at 877-78. Indeed, it is the Court's duty to inform the plaintiff of the consequences of not adhering to procedural requirements, although the Court appreciates that this assistance does not permit a pro se plaintiff to ignore the Federal Rules of Civil Procedure. Moore, 944 F.2d at 876; see also Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.) (holding that the Court "must take pains to protect the rights of pro se parties against the consequences of technical errors"); Hisler, 206 F.R.D. at 14.

    Here, refusing to accord the plaintiff the opportunity to amend her complaint would deny the plaintiff the opportunity to test her claims on the merits. See Foman, 371 U.S. at 182. And that result would be particularly egregious in this case due to the plaintiff's pro se status. Furthermore, there is no evidence that the defendant would be prejudiced by allowing the plaintiff to amend the complaint. Against this background, the Court is compelled to permit the plaintiff to amend her complaint. Accordingly, the plaintiff's motion for leave to amend her complaint is granted. Thus, the defendant's motion to dismiss will be denied without prejudice.

    With respect to the plaintiff's Motion for Court Appointed Counsel, this request must be denied. No civil litigant is guaranteed counsel. Willis v. FBI, 274 F.3d 531, 532 (D.C. Cir. 2001); see also Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (acknowledging that "there is no constitutional right to appointment of counsel in a civil case"). A district court has

discretion in determining whether counsel should be appointed to an unrepresented party. Willis, 274 F.3d at 532; see also 28 U.S.C. § 1915(e)(1) (2000) ("the court may request an attorney to represent any person unable to afford counsel") (emphasis added). In evaluating whether the appointment of counsel is appropriate, the Court should consider the four factors enumerated in Local Civil Rule 83.11(b)(3), which include:

> i) the nature and complexity of the action; ii) the potential merit of the pro se party's claims; iii) the demonstrated inability of the pro se party to retain counsel by other means; and iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Gaviria v. Reynolds, 476 F.3d 940, 943 (D.C. Cir. 2007) (citing Willis and stating that Local Civil Rule 83.11(b)(3) provides the appropriate framework for evaluating whether counsel should be appointed); see also Welch v. Kelly, 882 F. Supp. 177, 178 (D.D.C. 1995) (determining that the merits of the plaintiff's claims, the complexity of the legal and factual issues involved, and the interests of justice did not warrant appointment of counsel). Appointment of counsel calls for exceptional circumstances and "is wholly unwarranted when [the movant] has not demonstrated any likelihood of success on the merits." Nichols v. Mosbacher, 959 f.2d 1101 (D.C. Cir. 1992) (citing D.C. Circuit Handbook of Practice and Internal Procedures 25-26 (2002)).

In this case, the Rule 83.11(b)(3) factors do not weigh in the plaintiff's favor. Specifically, the plaintiff has not demonstrated that her claims for defamation, fraud and the unauthorized use of her name are complex issues for which she needs representation. Plaintiff's Complaint at 1. Moreover, the plaintiff has not provided the Court with any evidence supporting her defamation or fraud claims to demonstrate likelihood of success on the merits, nor has she

cited the existence of any exceptional circumstances that would make appointment of counsel appropriate. Although the plaintiff states that she is unable to retain the services of an attorney because she lacks the necessary financial resources, the "inability to pay for counsel alone is insufficient to warrant court appointment of counsel." Taylor v. Team Broadcast, No. 05-2169, slip op. at 4 (D.D.C. Apr. 23, 2007). And, the plaintiff has failed to demonstrate to the Court that she has tried to obtain counsel through other means. See Gaviria, 476 F.3d at 943 (holding that, in determining whether to appoint counsel, the court should consider "the demonstrated inability of the pro se party to retain counsel by other means"). Additionally, it is not apparent to the Court that the interests of justice will be better served by appointing the plaintiff an attorney. Therefore, the Court denies the plaintiff's motion for the appointment of counsel.

      SO ORDERED on this 25th day of June, 2007.[4]

                    REGGIE B. WALTON
                    United States District Judge

---

[4] An Order consistent with this Opinion is being issued herewith.